IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KIRK SZOPINSKI,

     Plaintiff,

  v.

LINDSAY WALKER, JOANNA PODOLL,
THEODORE ANDERSON, OFFICER NITZ,
R. PYFFEROEN, KELSEY STANGE, CORRECTIONAL
OFFICER JANE DOE, and NURSE JANE DOE,

     Defendants.

OPINION and ORDER

20-cv-1044-jdp

---

  Pro se plaintiff Kirk Szopinski has filed a civil action, alleging that staff at Columbia Correctional Institution failed to protect him from harming himself, failed to provide him adequate medical treatment after he harmed himself, and failed to provide him with psychological treatment. Szopinski's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether his complaint should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because Szopinski seeks monetary relief from a defendant who is immune from such relief.

  I cannot conduct the required screening because Szopinski's complaint violates Rule 20 of the Federal Rules of Civil Procedure. Rule 20 prohibits litigants from bringing unrelated claims against different defendants in a single action. As discussed below, Szopinski's complaint contains allegations that belong in three separate lawsuits. I will give Szopinski an opportunity to choose which claims he wishes to pursue in this case, which claims he wants to pursue in a different case, or which claims he wishes to dismiss without prejudice to refiling at a later date.

ANALYSIS

Under Rule 20 of the Federal Rules of Civil Procedure, a lawsuit may be severed when it includes unrelated claims against different defendants. Fed. R. Civ. P. 20; *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991); *Goodvine v. Meisner*, 608 F. App'x 415, 417 (7th Cir. 2015). And even when the claims are related, the court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a plaintiff to bring multiple claims against many different defendants in a single case. *Lee*, 635 F.3d at 971 (7th Cir. 2011) (court may sever claims under Fed. R. Civ. P. 21 when differences between the claims predominate over common questions); *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004) (court has inherent authority to sever claims in interest of justice even when standard under Rule 21 is not satisfied).

Szopinski's complaint includes allegations about two separate incidents in which he harmed himself after prison staff refused to place him on observation status. Szopinski's complaint also includes allegations about the quality of psychological care he has received at Columbia Correctional Institution. Even though all of Szopinski's allegations relate to his mental health needs and self-harm tendencies, his allegations relate to different incidents that occurred at different times and involved different staff members. I conclude that Szopinski's allegations should be severed into three lawsuits under Rule 20, Rule 21, and the court's inherent authority. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("[The federal] rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes."). Those lawsuits are:

1. On May 4, 2020, Szopinski told defendant Theodore Anderson that he felt like killing himself and wanted to go on observation status. Anderson refused to place Szopinski on observation status, and Szopinski began banging his head against a wall. Anderson watched as Szopinski banged his head repeatedly and did not intervene until Szopinski was bleeding profusely. The inmate complaint examiner rejected Szopinski's complaints about the incident.

2. On May 27, 2020, Szopinski repeatedly told defendants Sergeant Joanna Podoll, Correctional Officer Nitz, and Jane Doe correctional officer that he was going to harm himself and needed to be placed on observation status. Podoll contacted defendant Lindsay Walker, who stated that Szopinski should submit a phycological services request slip. Szopinski then swallowed pieces of his eyeglasses. Defendant Jane Doe nurse falsely told the prison doctor that Szopinski had refused treatment after swallowing the glasses, so Szopinski had to wait several days before he was taken to the hospital for treatment. The inmate complaint examiner dismissed Szopinski's complaints about the incident.

3. Defendant Kelsey Stange has refused to provide psychological treatment for Szopinski and has falsely told the parole board that Szopinski has refused treatment. Stange's actions resulted in Szopinski being denied placement at Wisconsin Resource Center.

Under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), I may apply Szopinski's filing fee to only one of the three lawsuits I have identified above. Szopinski will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number. As for the other lawsuits, Szopinski must make a choice. One option is to pursue the other lawsuits separately. If Szopinski chooses this option, he will be required to pay a separate filing fee for each lawsuit he chooses to pursue. In addition, he may receive a "strike" under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted or for one of the other reasons listed in § 1915(g). As Szopinski may be aware, once a prisoner receives three strikes, he is not able to proceed in new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Szopinski may choose to dismiss his other lawsuits voluntarily. If he chooses that route, he will not owe an additional filing fee or face a strike for the lawsuits he

dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, which means that Szopinski would be able to bring it at another time, so long as he files it before the statute of limitations has run.

Because it is not clear at this time which of Szopinski's three lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether Szopinski has provided fair notice of his claims, as required by Rule 8 of the Federal Rules of Civil Procedure. Once Szopinski identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915A. Because Szopinski faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Szopinski disagrees with the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to prosecute them.

Finally, Szopinski has filed a motion requesting that the court recruit counsel to represent him in this case. Dkt. 2. He says that he cannot afford to pay an attorney, that he is seriously mentally ill, that the case is too complex for him to understand, and that he does not know how to use the discovery process to obtain the evidence he needs.

A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party

who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. To do so, Szopinski must submit a certified copy of a recent six-month trust fund account statement.

Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). Szopinski says that he has contacted many lawyers about this case. But to prove that he has made reasonable efforts to find a lawyer, Szopinski must submit copies of letters from at least three lawyers who have declined to represent him in this case, or alternatively, a sworn declaration that includes the date on which he contacted three lawyers regarding this case and the names of the lawyers. Szopinski has not satisfied this requirement.

Third, Szopinski must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. The inquiry into a litigant's abilities to handle his own case is a practical one, made in light of "whatever relevant evidence" is available. *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014). Courts generally consider the litigant's "literacy, communication skills, education level, and litigation experience in light of the complexities of the case." *Pruitt*, 503 F.3d at 655. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case whether the particular plaintiff should be the beneficiary of the limited resources of

lawyers willing to respond to courts' requests. *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020).

At this point, it is not clear which, if any, claims Szopinski will be proceeding with in this case. So it is too early to determine whether the complexity of the case will exceed Szopinski's abilities to litigate it. But I note that Szopinski is an experienced litigator and he has litigated claims very similar to those asserted in this case. *See Szopinski v. Koontz*, No. 20-1615, 2020 WL 7767858 (7th Cir. Dec. 30, 2020) (Eighth Amendment claims based on prison staff's alleged failure to prevent Szopinski from swallowing pieces of his eyeglasses and failing to provide him adequate medical treatment afterward). His filings in this case so far show that he is intelligent and understands the law applicable to his claims.

For all of these reasons, I will deny Szopinski's motion for assistance in recruiting counsel without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Kirk Szopinski may have until February 4, 2021 to identify for the court which numbered lawsuit identified above (lawsuit 1, 2, or 3) he wishes to proceed with under the case number assigned to this case. Szopinski must pick one and only one of these lawsuits to proceed under case no. 20-cv-1044-jdp.

2. Also by February 4, Szopinski is to tell the court whether he wishes to pursue his other lawsuits under separate case numbers, or whether he will dismiss them voluntarily.

3. If Szopinski chooses to dismiss his other lawsuits voluntarily, he will not owe a filing fee and he will be permitted to refile the dismissed claims later, so long as he complies with the statute of limitations.

4. If Szopinski chooses to pursue his other lawsuits under separate case numbers, he will owe a separate filing fee.

5.  Once Szopinski chooses which lawsuits he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted. If Szopinski fails to respond to this order by February 4, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

6.  Szopinski's motion for assistance in recruiting counsel, Dkt. 2, is DENIED without prejudice.

Entered January 15, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge